

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-16-00879-PHX-JJT(JZB) |
|---|---|
| Plaintiff, | |
| vs. | **INDICTMENT** |
| | VIO:  18 U.S.C. § 1956(h) |
| George Swinfen Cottrell, | (Conspiracy to Commit Money Laundering) |
| Defendant. | Count 1 |
| | 18 U.S.C. § 1956(a)(3)(B) (Money Laundering) Count 2 |
| | 18 U.S.C. § 1341 (Mail Fraud) Counts 3-4 |
| | 18 U.S.C. § 1343 (Wire Fraud) Counts 5-19 |
| | 18 U.S.C. § 873 (Blackmail) Count 20 |
| | 18 U.S.C. § 875(d) (Interstate Communication with Intent to Extort) Count 21 |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all relevant times:

1.      Beginning in or around March 2014, a user identified as "Banker" advertised money laundering consultation services on a TOR network black-market website. TOR is

an acronym for "The Onion Router," which is a mechanism to anonymize internet traffic. TOR also enables access to certain websites accessible only through the TOR network; these websites are known as TOR "hidden services" or the "dark web."

2.    Undercover law enforcement agents contacted Banker, posing as drug traffickers seeking money laundering services for approximately $50,000 to $150,000 per month in drug trafficking proceeds. Banker agreed to help the undercover agents launder their money for a fee, and then proposed that the undercover agents speak with his associate, "Bill."

3.    The undercover agents talked with Banker and Bill on March 27, 2014, via an encrypted group messaging platform online. Bill agreed to launder the undercover agents' purported drug proceeds by transferring the property to offshore accounts "with complete anonym[ity] and security." The undercover agents then met with Bill—later identified as GEORGE SWINFEN COTTRELL—in person in Las Vegas, Nevada.

4.    On June 9, 2014, COTTRELL instructed the undercover agents to send $20,000 in cash of purported drug proceeds to his associate in Colorado, which would then be laundered through COTTRELL's bank accounts back to the undercover agents' bank account.

## COUNT ONE
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

5.    The factual allegations from Paragraphs 1 through 4 are incorporated herein by reference and re-alleged as though fully set forth herein.

6.    From on or about a date unknown but no later than March 27, 2014, through September 30, 2014, in the District of Arizona and elsewhere, the defendant, GEORGE SWINFEN COTTRELL, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a)    to knowingly conduct and attempt to conduct a financial transaction

- 2 -

affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the manufacture, importation, sale, and distribution of a controlled substance, with the intent to promote the carrying on of the specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance, with the intent to engage in conduct constituting a violation of 26 U.S.C. § 7201 to wit, federal income tax evasion, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(ii);

(c) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(d) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance, knowing that the transaction was designed in whole

- 3 -

and in part to avoid a transaction reporting requirement under federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(e) to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

(f) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(g) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to avoid a transaction reporting requirement under federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii); and

- 4 -

(h) to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO
### Money Laundering
### (18 U.S.C. § 1956(a)(3)(B))

7.    The factual allegations from Paragraphs 1 through 6 are incorporated herein by reference and re-alleged as though fully set forth herein.

8.    On or about June 11, 2014, in the District of Arizona and elsewhere, the defendant, GEORGE SWINFEN COTTRELL, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, $20,000 in cash, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of a specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance.

In violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNTS THREE THROUGH FOUR
### Mail Fraud
### (18 U.S.C. § 1341)

9.    The factual allegations from Paragraphs 1 through 8 are incorporated herein by reference and re-alleged as though fully set forth herein.

10.    From on or about March 1, 2014, through on or about September 30, 2014, in the District of Arizona and elsewhere, the defendant, GEORGE SWINFEN COTTRELL, and others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations, that is, falsely claiming that COTTRELL and others would launder drug proceeds through COTTRELL's bank accounts for a fee.

11.    On or about each of the dates set forth below, in District of Arizona and elsewhere, COTTRELL, for the purpose of executing the scheme described above, knowingly caused to be delivered by mail and by common carrier the following matter, each constituting a separate count:

| Count | Date | Contents/Carrier |
|---|---|---|
| 3 | April 18, 2014 | $5,000 via UPS |
| 4 | June 11, 2014 | $20,000 via USPS |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS FIVE THROUGH NINETEEN
### Wire Fraud
### (18 U.S.C. § 1343)

12.    The factual allegations from Paragraphs 1 through 11 are incorporated herein by reference and re-alleged as though fully set forth herein.

13.    From on or about March 1, 2014, through on or about September 30, 2014, in the District of Arizona and elsewhere, the defendant, GEORGE SWINFEN COTTRELL, and others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud and obtain money and property by means of materially false

- 6 -

and fraudulent pretenses and representations, that is, falsely claiming that COTTRELL and others would launder drug proceeds through COTTRELL's bank accounts for a fee.

14. On or about each of the dates set forth below, in District of Arizona and elsewhere, COTTRELL, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, pictures, signals, and sounds as described below, each transmission constituting a separate count:

| Count | Date | Wire Communication |
|---|---|---|
| 5 | March 27, 2014 | Instant Message via Cryptocat |
| 6 | April 1, 2014 | Instant Message via Cryptocat |
| 7 | April 9, 2014 | Instant Message via Jabber |
| 8 | April 17, 2014 | Encrypted Note via Privnote |
| 9 | April 19, 2014 | Instant Message via Jabber |
| 10 | April 22, 2014 | Instant Message via Jabber |
| 11 | April 24, 2014 | Encrypted Note via Privnote |
| 12 | April 24, 2014 | Instant Message via Jabber |
| 13 | May 15, 2014 | Instant Message via Jabber |
| 14 | May 29, 2014 | Instant Message via Jabber |
| 15 | June 9, 2014 | Instant Message via Jabber |
| 16 | June 11, 2014 | Encrypted Note via Privnote |
| 17 | June 12, 2014 | Instant Message via Jabber |
| 18 | June 16, 2014 | Instant Message via Jabber |
| 19 | June 18, 2014 | Encrypted Note via Privnote |

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWENTY
### Blackmail
### (18 U.S.C. § 873)

15.    On or about June 18, 2014, in the District of Arizona and elsewhere, the defendant, GEORGE SWINFEN COTTRELL, did knowingly demand a thing of value, namely 130 Bitcoin (BTC), which was then approximately $80,000, under a threat of informing against a violation of a law of the United States, specifically drug trafficking offenses in violation of Title 21, United States Code, Sections 841 and 846.

In violation of Title 18, United States Code, Section 873.

## COUNT TWENTY-ONE
### Interstate Communication with Intent to Extort
### (18 U.S.C. § 875(d))

16.    On or about June 18, 2014, in the District of Arizona and elsewhere, the defendant, GEORGE SWINFEN COTTRELL, did knowingly transmit in interstate and foreign commerce with intent to extort from a person money and other things of value, a communication containing a threat to accuse the addressee or any other person of a violation of a law of the United States, specifically drug trafficking offenses in violation of Title 21, United States Code, Sections 841 and 846.

In violation of Title 18, United States Code, Section 875(d).

A TRUE BILL

_____/S/_____
FOREPERSON OF THE GRAND JURY
Date:  July 19, 2016

JOHN S. LEONARDO
United States Attorney
District of Arizona

_____/S/_____
JAMES R. KNAPP
Assistant U.S. Attorney